# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | Case No. 16-cr-00169 (APM) |
| KEVIN BROWN, | ) ) ) | |
| Petitioner-Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Petitioner-Defendant Kevin Brown seeks a 12-month reduction of his 72-month sentence based on the government's purported breach of the plea agreement. *See* Mot. for Sentence Reduction, ECF No. 366 [hereinafter Pet.'s Mot.]. Petitioner's motion is denied for two reasons.

*First*, Petitioner waived his right to bring this motion. Petitioner originally styled his motion as one arising under 18 U.S.C. § 3582(c)(2), *see id.* at 1, but that statute does not apply, as it concerns sentence reductions made possible by a post-sentencing lowering of the guidelines range by the U.S. Sentencing Commission, *see* 18 U.S.C. § 3582(c)(2). Consequently, the court construed Petitioner's motion as one to "set aside or correct the sentence" under 18 U.S.C. § 2255. *See* Order, ECF No. 417; *see also* Minute Order, June 25, 2018. However, as part of his plea agreement, Petitioner waived his right to "modify or change the sentence . . . in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255." Plea Agreement, ECF No. 61 [hereinafter Plea Agreement], ¶ 10.E at 9; *see also* Plea Hr'g Tr., ECF No. 177 [hereinafter Plea Hr'g], at 28–29 (waiver of collateral attack rights).[1] Therefore, the court cannot consider Petitioner's sentence reduction request. *See United States v. Bertram*, 209 F. Supp. 3d

---

[1] Neither of the two instances in which Petitioner reserved his right to bring a collateral attack—the discovery of new evidence or a claim of ineffective assistance of counsel, *see* Plea Agreement ¶ 10.E. at 9—are applicable here.

243, 249–50 (D.D.C. 2016) (enforcing waiver of collateral attack rights); *cf. United States v. Adams*, 780 F.3d 1182, 1183–84 (D.C. Cir. 2015) (enforcing waiver of right to appeal).[2]

*Second*, Petitioner's claim fails on the merits. Contrary to Petitioner's assertion, the government did not promise to ask for only a 60-month sentence, such that its request for an 84-month sentence breached the plea agreement. *See* Pet.'s Mot. at 1–2. Rather, the parties agreed, pursuant to Federal Rule of Civil Procedure 11(c)(1)(C), to present for the court's approval a stipulated sentencing range of 60 to 84 months of imprisonment. *See* Plea Agreement ¶ 5 at 5; Plea Hr'g at 12 (acknowledging plea under Rule 11(c)(1)(C) and proposed range). The government made no promise as to what sentence it would ask for within the agreed-upon range. *Cf. id.* But by presenting a sentencing range for the court's approval, instead of a fixed term, the parties' "reasonable understanding" plainly was that the government could request a sentence at the top of that range. *United States v. Murray*, 897 F.3d 298, 304 (D.C. Cir. 2018) (citation omitted). The government's request for an 84-month sentence therefore did not constitute a breach of the plea agreement.

Petitioner's reliance on section 4.C of the plea agreement is misplaced. *See* Pet.'s Mot. at 1 (citing "page 4 of 13, Section C"). That section simply established 60 months as the applicable guidelines range due to the statutory mandatory minimum sentence the court had to impose. *See* Plea Agreement ¶ 4.C at 4. It does not contain a promise by the government to seek a term of imprisonment of only 60 months. In any event, the 60-month guideline became largely academic

---

[2] The court also agrees that Petitioner has procedurally defaulted his claim. Petitioner could have raised the government's purported breach on appeal, *see, e.g.*, *United States v. Murray*, 897 F.3d 298 (D.C. Cir. 2018) (addressing on direct review alleged breach of plea agreement by the government), but he elected not do so, *see* U.S.' Opp'n to Pet.'s Mot., ECF No. 455, at 6 (summarizing history of direct appeal). Petitioner has shown neither cause nor actual prejudice to overcome the procedural bar. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (stating with respect to a section 2255 petition, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent[.]'") (internal citations omitted).

upon the court's acceptance of the parties' agreed-upon sentencing range.  As discussed, under the parties' Rule 11(c)(1)(C) plea, the court was bound to sentence Petitioner within a range of 60 to 84 months when it accepted the plea, and the government made no promise as to the sentence it would seek within that range.  The applicable guideline of 60 months thus provides no ground upon which to assert a breach by the government.

For the foregoing reasons, Petitioner's Motion for Sentence Reduction is denied.  The court declines to issue a certificate of appealability, as reasonable jurists would not disagree as to the outcome of Petitioner's Motion.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted).

A final, appealable order accompanies this Memorandum Opinion.


Dated:  December 4, 2018

Amit P. Mehta
United States District Judge